UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TODD C. BANK, Individually and on Behalf of All Others Similarly Situated,<br><br>*Plaintiff*,<br><br>-against-<br><br>UBER TECHNOLOGIES, INC.,<br><br>*Defendant*. | 1:15-cv-4858 |

# CLASS-ACTION COMPLAINT

## INTRODUCTION

1. This action, against Uber Technologies, Inc. ("Uber"), arises out of telephone calls, commonly known as "robocalls," using an artificial or prerecorded voice that delivered a message that advertised the commercial availability and quality of a service provided by Uber (the "Uber Robocalls").

2. The claims arise under a federal statute and a New York statute: the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), and New York General Business Law ("GBL") § 399-p.

3. Plaintiff brings this action individually and as a class action on behalf of all persons to whose residential telephone number one or more "Uber Robocalls were placed (the "Federal Class") during the period beginning four years prior to the commencement of this action until the date of said commencement (the "Federal Class Period").

4. Plaintiff also brings this action individually and as a class action on behalf of all persons who received one more Uber Robocalls on a New York telephone number, *i.e.*, a telephone number with an area code of 212, 315, 347, 516, 518, 585, 607, 632, 656, 716, 718, 845, 914, 917,

1

or 929 (the "New York Class"), during the period beginning three years prior to the commencement of this action until the date of said commencement (the "New York Class Period").

5. Plaintiff seeks, individually and on behalf of the other Federal Class Members and New York Class Members, statutory damages, injunctive relief, legal fees, and costs.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over Plaintiff's federal-law claims under 28 U.S.C. § 1331, and has jurisdiction over Plaintiff's state-law claims under 28 U.S.C. §§ 1332(d)(2)(A) and 1367(a).

7. The matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

9. Plaintiff, Todd C. Bank ("Bank"), and was and is, at all relevant times herein, a resident of the Eastern District of New York

10. Defendant, Uber, is a Delaware corporation with a principal place of business at 1455 Market Street, 4th Floor, San Francisco, California 94103.

## APPLICABLE LAW

A. **Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA")**

11. With respect to residential telephone lines, the TCPA makes it "unlawful . . . to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party." 47 U.S.C. § 227(b)(1)(B).

13. Recipients of calls that are made in violation of 47 U.S.C. § 227(b)(1) may bring an action to recover, for each violation, the greater of the monetary loss caused by the violation or $500.

2

*See* 47 U.S.C. § 227(b)(3). If the court finds that a defendant willfully or knowingly violated Section 227(b), the court may increase the award by up to $1,000 per violation. *See id.*

**B.     New York General Business Law § 399-p**

14.     GBL § 399-p(3)(a) provides that, "[w]henever telephone calls are placed through the use of an automatic dialing-announcing device, such device shall do all of the following: state at the beginning of the call the nature of the call and the name of the person or on whose behalf the message is being transmitted and at the end of such message the address, and telephone number of the person on whose behalf the message is transmitted, provided such disclosures are not otherwise prohibited or restricted by any federal, state or local law is based on the fact that the robocalls did not to comply with that provision's identification requirements." GBL § 399-p(3)(a).

15.     Persons whose rights under Section 399-p are violated are entitled, pursuant to GBL § 399-p(9), to the greater of actual damages or $50 per violation, injunctive relief, and reasonable legal fees; and, in the event that a violation was committed willfully or knowingly, three times their actual damages, in a total amount of up to $1,000.

## FACTS

16.     On or about July 16, 2015, Bank received, on his residential telephone number, a telephone call that produced the following caller identification: "New York NY[;] 347-695-8537" ("Bank's First Uber Robocall").

17.     On or about July 18, 2015, Bank received, on his residential telephone number, a telephone call that produced the following caller identification: "Hornell NY[;] 607-385-2105" ("Bank's Second Uber Robocall").

18.     On or about July 20, 2015, Bank received, on his residential telephone number, a telephone call that produced the following caller identification: "New York NY[;] 718-690-9407"

("Bank's Third Uber Robocall").

19. On or about July 21, 2015, Bank received, on his residential telephone number, a telephone call that produced the following caller identification: "Bronxville NY[;] 914-775-7597" ("Bank's Fourth Uber Robocall").

20. Following the answering of Bank's residential telephone line, each of Bank's Uber Robocalls played a message using an artificial or prerecorded voice.

21. Bank's Uber Robocalls were made with automatic equipment that had the capability of storing telephone numbers to be called and was used, either alone or in conjunction with other equipment, to disseminate Bank's Uber Robocalls without the use of an operator.

22. The script of Bank's First, Second, and Third Uber Robocalls was:

> Hi. It's Molly with Uber, and we need your help. Uber ended the days when you couldn't get a ride home because cabs didn't want to leave Manhattan. Now mayor de Blasio is trying to bring the bad old days back because his millionaire taxi donors are telling him to. But why on earth would your Council Member ever consider voting for something like this? They should stand up for you, not take orders from the mayor. Your Council Member is sponsoring this bill, and we need your voice. Please call your council member, and tell them to take their names off Mayor de Blasio's anti-Uber bill. Because you, and all New Yorkers, deserve reliable transportation. Paid for by Uber 212 257-1745.

23. The script of Bank's Fourth Uber Robocall was:

> Hi. It's Derrick with Uber, and we need your help. Uber ended the days when New Yorkers had to worry about being able to find a reliable ride home; but now, Mayor de Blasio wants to cap the number of drivers that can partner with us, ending Uber as you know it, just because his millionaire taxi donors are telling him to. The Daily News has called de Blasio's cap on Uber quote disingenuous and a bad deal for New Yorkers. Please call your council member and tell them to oppose the anti-Uber bill, because they should look out for you, not for the mayor's rich donors. Paid for by Uber 212 257-1745.

24. Bank's Uber Robocalls were made by, or on behalf of, or with the authorization of,

4

Uber.

25. Bank's Uber Robocalls did not state, at the end of such message, the address of the person or entity on whose behalf the message was transmitted.

26. Bank's Uber Robocalls were among of thousands of telephone calls that were materially or literally identical to Bank's Uber Robocalls both in method and in substance.

27. Bank's Uber Robocalls and the calls to the other recipients of the Uber Robocalls were made without the recipients' prior express written consent.

### FIRST CAUSE OF ACTION

28. Plaintiff repeats and re-alleges, and incorporates herein, each and every allegation contained in paragraphs "1" through "27" inclusive of this Complaint as if fully set forth herein.

29. The placement of Robocalls to Bank and the other Members of the Federal Class, as set forth herein, violated 47 U.S.C. § 227(b)(1).

30. Bank and Members of the Federal Class are entitled to statutory damages of $500 per violation pursuant to 47 U.S.C. § 227(b)(3)(B).

31. In the event that Uber willfully or knowingly violated 47 U.S.C. § 227(b)(1), Bank and the other members of the Federal Class are entitled to up an additional $1,000 per violation pursuant to 47 U.S.C. § 227(b)(3)(C).

32. Bank and the other Members of the Federal Class are entitled to an Order, pursuant to 47 U.S.C. § 227(b)(3)(A), enjoining Uber from violating 47 U.S.C. § 227(b)(1).

### SECOND CAUSE OF ACTION

33. Bank repeats and re-alleges, and incorporates herein, each and every allegation contained in paragraphs "1" through "27" inclusive of this Complaint as if fully set forth herein.

34. The placement of Uber Robocalls to Bank and the other Members of the New York

Class, as set forth herein, violated New York General Business Law § 399-p(3)(a).

35.     Bank and the other Members of the New York Class are entitled to statutory damages of $50 pursuant to New York General Business Law § 399-p(9).

36.     Bank and the other Members of the New York Class are entitled to an Order, pursuant to New York General Business Law § 399-p(9), enjoining Uber from violating New York General Business Law § 399-p(3)(a).

37.     Bank and the other Members of the New York Class are entitled to reasonable legal fees pursuant to New York General Business Law § 399-p(9).

## CLASS ALLEGATIONS

38.     Bank brings this action as a Class Action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) on behalf of all persons to whose residential telephone number Uber, or third parties acting with the authorization of Uber, placed one or more Uber Robocalls (the "Federal Class"), during the period beginning four years prior to the commencement of this action until the date of said commencement (the "Federal Class Period").

39.     Bank also brings this action as a Class Action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) on behalf of all persons who received one or more Uber Robocalls on a New York telephone number (*i.e.*, a telephone number having an area code of 212, 315, 347, 516, 518, 585, 607, 632, 656, 716, 718, 845, 914, 917, or 929 (the "New York Class"), during the period beginning three years prior to the commencement of this action until the date on which this action is commenced (the "New York Class Period").

40.     Bank believes that there are thousands of individuals whose claims are similar to Bank's claims, and, furthermore, that Bank's claims are typical of the claims of absent Class Members. Members of each Class have sustained damages arising out of Uber's wrongful conduct

6

in the same manner in which Bank has sustained damages arising out of Uber's unlawful conduct.

41. Bank will fairly and adequately protect the interests of each Class. Bank has no interests that are antagonistic to, or in conflict with, the Members of the Classes. Indeed, Bank's interests are, for purposes of this litigation, coincident with the interests of the other Class Members.

42. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Because each of the Classes are so numerous that joinder of all Members is impracticable, and because the damages suffered by most of the individual Members of the Classes are too small to render prosecution of the claims asserted herein economically feasible on an individual basis, the expense and burden of individual litigation makes it impractical for Members of the Classes to adequately address the wrongs complained of herein. Bank knows of no impediments to the effective management of this action as a class action.

43. Common questions of law and fact predominate over questions that affect only individual Federal Class Members. Among those questions are:

> (i) whether Uber, or a third party acting on behalf, or with the authorization, of Uber, placed telephone calls using an artificial or prerecorded voice that delivered a message to residential telephone lines;
>
> (ii) whether the telephone calls at issue violated the TCPA;
>
> (iii) whether Uber willfully or knowingly violated the TCPA;
>
> (iv) whether the Members of the Federal Class are entitled to damages as a result of Uber's violations of the TCPA, and, if so, how much; and
>
> (v) whether the Members of the Federal Class are entitled to injunctive relief as a result of Uber's violations of the TCPA.

44. Common questions of law and fact predominate over questions that affect only individual New York Class Members. Among those questions are:

(i) whether Uber, or a third party acting on behalf, or with the authorization, of Uber, placed telephone calls using automatic equipment that had the capability of storing telephone numbers to be called and was used, either alone or in conjunction with other equipment, to disseminate the Uber Robocalls without the use of an operator;

(ii) whether the foregoing messages stated, at their end, the address of the person or entity on whose behalf the message was transmitted;

(iii) whether Uber violated New York General Business Law § 399-p(3)(a);

(iv) whether the Members of the New York Class are entitled to damages as a result of Uber's violations of the New York General Business Law;

(v) whether the Members of the New York Class are entitled to injunctive relief as a result of Uber's violations of the New York General Business Law; and

(vi) whether the Members of the New York Class are entitled to reasonable legal fees as a result of Uber's violations of the New York General Business Law.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

(a) Pursuant to 47 U.S.C. § 227(b)(3)(B), statutory damages of $500 per violation of 47 U.S.C. § 227(b)(1) for Plaintiff and the other Members of the Federal Class;

(b) Pursuant to 47 U.S.C. § 227(b)(3)(C), up to $1,000 of statutory damages for Plaintiff and the other Members of the Federal Class, in addition to the statutory damages prayed for in the aforementioned paragraph, if the Court finds that Defendant's violations were made knowingly or willfully;

(c) Pursuant to 47 U.S.C. § 227(b)(3)(A), an order enjoining Defendant from violating 47 U.S.C. § 227(b)(1);

(d) Pursuant to New York General Business Law § 399-p(9), damages of $50 per violation of New York General Business Law § 399-p(3)(a) for Plaintiff and the other Members of the New York Class;

(e) Pursuant to New York General Business Law § 399-p(9), an order enjoining Defendant from violating New York General Business Law § 399-p(3)(a); and

(f) An award, to Plaintiff and the other Members of each Class, of the costs and disbursements of this action, and reasonable legal fees, and such other and further relief as the Court deems just and proper.

Dated: August 18, 2015

Respectfully submitted,

    s/ *Todd C. Bank*
TODD C. BANK, ATTORNEY AT LAW, P.C.
Todd C. Bank (TB-6825)
119-40 Union Turnpike
Fourth Floor
Kew Gardens, New York 11415
(718) 520-7125

*Plaintiff Pro Se*

9